# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE DURAN,<br><br>            Plaintiff,<br><br>     v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>            Defendant. | Case No. 1:22-cv-01605-JLT-SAB<br><br>FINDINGS AND RECOMMENDATIONS RE: MOTION TO AMEND<br><br>(ECF Nos. 11, 14)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

## I.

## INTRODUCTION

Plaintiff Josue Duran ("Plaintiff") initiated this civil action against Defendant Portfolio Recovery Associates, LLC ("Defendant") on December 15, 2022. (ECF No. 1.) Presently before the Court is Plaintiff's motion to amend the complaint. (ECF No. 11.) The District Judge referred the motion to amend to this Court for the preparation of findings and recommendations and/or other appropriate action. (ECF No. 12.)

A hearing on the motion was held on May 17, 2023. Counsel Bobby Charles Walker appeared by videoconference for Plaintiff. Counsel Nathan A. Searles appeared by

videoconference for Defendant. (See ECF No. 15.) Having considered the moving and opposition papers, the declarations and exhibits attached thereto, the arguments presented at the May 17, 2023 hearing, as well as the Court's file, the Court issues the following findings and recommendations recommending the motion to amend be granted.

## II.

## BACKGROUND

In this debt collection action, Plaintiff alleges he incurred a consumer debt for personal, family, and household purposes. (Compl. at ¶ 7, ECF No. 1.) The debt purportedly went into default and was sold to Defendant, a third-party debt collector that collects debts from consumers across the country. (Id. at ¶¶ 5, 8.) Thereafter, Plaintiff alleges Defendant made multiple attempts to collect on the debt that Plaintiff purportedly owes to Defendant. (Id. at ¶ 7.) Plaintiff alleges Defendant regularly called Plaintiff on his cell phone to collect the debt (id. at ¶¶ 9, 12), even after Plaintiff told Defendant to stop calling him and informed Defendant he would take legal against it if it did not cease calling (id. at ¶¶ 14, 15, 17, 18). Plaintiff alleges Defendant calls Plaintiff from different phone numbers to "coerce" Plaintiff into answering the phone and making payment on the debt. (Id. at ¶ 16.) Plaintiff alleges Defendant's conduct was unprofessional, harassing, and designed to harass Plaintiff and "squeeze sums of money from [him]," even though he made it clear that he did not owe the consumer debt in question. (Id. at ¶¶ 19, 20, 22.) Plaintiff has expended time, resources, and expenses speaking with his attorney regarding his rights in this situation. (Id. at ¶ 21.) He alleges he has suffered invasion of privacy, aggravation, emotional distress, and the violation of his state and federally-protected interests as a result of Defendant's abusive debt collection practices. (Id. at ¶ 23.)

Plaintiff initiated this action on December 15, 2022. (ECF No. 1.) The operative complaint asserts two causes of action: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., and (2) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788 et seq. (Id. at 1, 5–10.) Plaintiff seeks statutory and actual damages, declaratory and injunctive relief, and attorneys' fees and costs. (Id. at 8–9, 10.)

Defendant answered the complaint on February 10, 2023. (ECF No. 5.) On March 23, 2023, a scheduling order issued. (ECF No. 10.) As relevant here, the scheduling order set the deadline to stipulate to or request leave to amend the pleadings for April 12, 2023. (Id. at 2.)

On April 12, 2023, Plaintiff filed the instant motion to amend. (ECF No. 11.) Defendant opposed the motion on April 26, 2023. (ECF No. 14.) No reply briefing was filed. On May 17, 2023, the parties appeared before the Court for a hearing on the motion. (See ECF No. 15.) The matter is now deemed submitted.

### III.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 15, a party may amend the party's pleading once as a matter of course within twenty-one days after serving the pleading, or within twenty-one days after service of a responsive pleading or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). In this case, since it has been more than twenty-one days since Plaintiff's complaint was filed and no responsive pleading or motion under Rule 12 has been served, Plaintiff requires leave of court to file a first amended complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). "This policy is to be applied with extreme liberality." C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist., 654 F.3d 975, 985 (9th Cir. 2011). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951.

///

///

# IV.

# DISCUSSION

In his motion, Plaintiff requests leave to file a first amended complaint that adds newly-discovered facts, discovered as a result of the informally-produced evidence from Defendant. (ECF No. 11 at 2.) Plaintiff maintains the amendments support additional bases for his FDCPA and RFDCPA claims against Defendant. (Id.) Defendant opposes the motion, arguing that the proposed amendments are futile. (ECF No. 14.)

The Court notes Plaintiff's motion, while attaching a proposed amended complaint, did not clearly identify in his briefing which additional facts and resultant causes of action or claims would result from the amendment, nor did he identify the "newly discovered facts" resulting from the parties' initial discovery triggered Plaintiff's need for amendment. Defendant's objections in opposition to the motion are well-taken as to this point. However, at hearing, Plaintiff provided the necessary clarification as to his attempt to add an additional claim to his FDCPA count under § 1692e.

As to Plaintiff FDCPA claim, the original complaint asserts specific violations of §§ 1692d, 1692d(5); 12 C.F.R. §§ 1006.14(b) and 1006.14(h); §§ 1692e and 1692e(10); and § 1692f. (Compl. ¶¶ 24–37.) Specifically, regarding Plaintiff's claim that Defendant violated § 1692e, Plaintiff seeks to add facts relating to a recording of an August 9, 2022 phone conversation between Plaintiff and Defendant, in which Plaintiff stated that he did not owe a debt, and Defendant represented to Plaintiff that his debt was outside the State of California's four-year statute of limitations for written and open-ended credit accounts. (See ECF No. 11-2 at ¶¶ 20, 37, 41.) Plaintiff argues these additional facts which are alleged in the proposed first amended complaint, support Plaintiff's additional FDCPA claim for violations of § 1692e(2)(A).

Defendant argues the proposed amendment does not add sufficient facts to state a cognizable claim under 1692(e)(2)(A), because Plaintiff does not purport to add facts showing that he was harmed in any way by the alleged false misrepresentation; therefore, he has not established standing, and the proposed amendment would be futile. The Court disagrees.

Looking to the complaint, Plaintiff has already alleged that he was frustrated and confused

over Defendant's conduct, spoke with his attorney abut his rights, exhausted time, resources, and expenses, was harassed, and suffered concrete harm as a result of Defendant's actions, including but not limited to invasion of privacy, aggravation that accompanies unwanted collection telephone calls, and emotional distress. (See ECF No. 11-2 at ¶¶ 26–28.) These allegations apply not only to Plaintiff's original claims, but also the proposed amended FDCPA claim. According, the allegations are sufficient at the pleading stage to establish harm and, therefore, standing. Furthermore, at this early pleading stage, the Court finds the proposed amendment that Defendant misrepresented to Plaintiff that the subject consumer debt was outside the State of California's four-year statute of limitations for written and open-ended credit accounts, "when it was not" triggers § 1692e(2)(A), which prohibits "the false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A); see also Ramirez v. Midland Credit Mgmt., Inc., No. 22-cv-02772-VC, 2023 WL 2277108, at *1 (N.D. Cal. Feb. 27, 2023) (denying motion to dismiss, noting § 1692e is "a strict liability statute ... that should be construed liberally in favor of the consumer") (citations and internal quotations omitted). Thus, the proposed amended is not futile.

Furthermore, the Court finds no evidence of prejudice, bad faith, or undue delay in the litigation. AmerisourceBergen Corp., 465 F.3d at 951. While Defendant has appeared in the case and answered the complaint, Plaintiff's motion to amend was filed before the deadline to seek leave to amend had expired, and discovery has only recently begun. More specifically, the Court notes initial disclosures were completed by March 31, 2023, and fact discovery does not close until September 15, 2023. (ECF No. 10 at 2.) Furthermore, the Court notes Defendant had ample notice of Plaintiff's intent to seek amendment, as Plaintiff sent Defendant his proposed amended complaint on February 28, 2023, and asked Defendant to stipulate to the amendments at that time; and Plaintiff followed up on his request to Defendant on March 3, 7, 17, and 20, 2023. (Id.) The Court further notes the parties' March 14, 2023 joint scheduling report reveals Plaintiff's intent to seek to amend the complaint "to include additional facts and allegations in light of informal discovery produced by Defendant." (ECF No. 8 at 2.) Finally, the Court notes this is Plaintiff's first request to amend the complaint; thus, under the liberal amendment standard, the Court finds

granting Plaintiff's motion is appropriate.

Defendant alternatively argues the informal discovery it provided Plaintiff conclusively demonstrated that Plaintiff's FDCPA and RFDCPA claims are without merit and subject to dismissal, and that Plaintiff's proposed allegations misconstrue the evidence presented in the informal discovery Defendant provided to Plaintiff; therefore, it argues it would be prejudiced if Plaintiff were permitted to amend the complaint.  However, Defendant provides no specifics regarding the purportedly at-issue evidence.  Further, Defendant's argument appears to suggest a disputed issue of fact with respect to interpretation of certain records not presently before the Court.  In any event, the instant motion to amend is not the appropriate forum for Defendant's evidentiary arguments.  Finally, the Court notes Defendant did not challenge the sufficiency of the pleadings of the original complaint, but filed an answer to the complaint.  This indicates Defendant's concession that the face of the complaint itself, asserted cognizable FDCPA and RFDCPA claims.  Defendant's arguments that the evidence does not support Plaintiff's allegations is one that must be presented in a motion for summary judgment.

Given the early posture of this litigation, the timeliness of Plaintiff's motion, the ample advance notice to Defendant of Plaintiff's intended amendments, the fact that this is Plaintiff's first attempt to amend the complaint, as well as the Court's finding that the proposed amendment is not futile, the Court finds Plaintiff should be granted leave to amend.

## V.

## CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to amend (ECF No. 11) be GRANTED;
2. Plaintiff be directed to file his first amended complaint within thirty (30) days of the Court's order adopting the findings and recommendations; and
3. Defendant's responsive pleading be due within thirty (30) days of the filing of the first amended complaint.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen**

**(14) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 19, 2023**

UNITED STATES MAGISTRATE JUDGE